FILED
LS
6/3/2019
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| HANI ALI, | |
|     Plaintiff, | Case No. 1:19-cv-03441 |
| v. | Honorable Elaine E. Bucklo |
| MANDARICH LAW GROUP, LLP and VELOCITY INVESTMENTS, LLC, | Honorable Susan E. Cox Magistrate Judge |
|     Defendant. | |

### FIRST AMENDED COMPLAINT

NOW COMES Plaintiff, HANI ALI, through counsel, SULAIMAN LAW GROUP, LTD., submitting his first amended complaint against Defendants, MANDARICH LAW GROUP, LLP and VELOCITY INVESTMENTS, LLC (collectively "Defendants") alleging as follows:

### NATURE OF THE ACTION

1.    This action seeks damages for Defendants' violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

### JURISDICTION AND VENUE

2.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3.    Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

### PARTIES

4.    HANI ALI ("Plaintiff") is a natural person, who at all times relevant resided in this judicial district.

5.    Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. MANDARICH LAW GROUP, LLP ("Mandarich Law") is a foreign limited liability partnership with its principal place of business located at 420 North Wabash Avenue, Suite 400, Chicago, Illinois 60611.

7. Mandarich Law is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

8. VELOCITY INVESTMENTS, LLC ("Velocity Investments") is a foreign limited liability company with its principal place of business located at 1800 Route 34 North, Building 4, Suite 404A, Wall, New Jersey 07719.

9. Velocity Investments is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

10. On February 16, 2016, Plaintiff applied for and obtained an unsecured installment loan from WebBank.

11. Plaintiff defaulted on obligation to make payments on this loan – resulting in Plaintiff's $34,541.81 balance.

12. Plaintiff's $34,541.81 balance is a "debt" as that term is as defined by 15 U.S.C. § 1692a(5).

13. Thereafter, Plaintiff's $34,541.81 balance transferred from WebBank to Velocity Investments.

14. As result of nonpayment, Velocity Investments referred Plaintiff's account to Mandarich Law for collection.

15. On August 17, 2018, Mandarich Law, on behalf of Velocity Investments, commenced collection proceedings against Plaintiff in DuPage County, Illinois.

16. Attached to Defendants' Complaint is an Affidavit providing:

3.      The Exhibits attached to the Complaint and this Affidavit is a true and accurate copy, which was kept in the ordinary course of business and reflects Defendant's obligation to pay the Account.

17.    The Exhibits attached, however, *are blank*:

**Exhibit A**

**PROMISSORY NOTE**

Borrower name: _____

Borrower address: _____

Co-Borrower name: _____

Co-Borrower address: _____

$ _____

_____, 20_____

For value received, I (referred to herein as "Borrower" regardless of whether borrower is an individual or a co-borrower) promise to pay to the order of WebBank or any subsequent holder ("you" or "Lenders") of this Promissory Note (the "Note") the principal sum of _____ ($_____) Dollars with interest as set forth below. I intend to be legally bound by this Note. I have read, understood, and agreed to all of the terms of this Note.

Interest Rate. This note bears interest during each calendar month from the date hereof until paid in full, at a fixed rate of _____ (%) per annum.

Interest Calculation Method. Interest is calculated daily on the basis of a 360-day year with 12 months each of which is 30 days (or 30/360) long, regardless if a month has more or less than 30 days. This Note shall bear interest on any overdue installment of principal and, to the extent permitted by applicable loaw, on any overdue installment of interest, at the interest rate as calculated above.

Payments. Principal and interest is to be paid during and throughout the period of _____ months in the following manner:

Payments of principal and interest in the amount of _____ ($_____) Dollars are to be made by the Borrower to the Lender commencing _____, 20_____, and on the same day of each successive month thereafter until _____, 20_____, when the full amount of unpaid principal, together with

3

unpaid accrued interest is due and payable.  If the monthly anniversary is on the 29th, 30th, or 31st of the month, and the following month does not have a 29th, 30th, or 31st day, the monthly payment will be due on the last day of the month in which the payment was due.

18.     A true and correct copy of Defendants' Complaint, Affidavit, and Exhibits is attached hereto as Exhibit A.

19.     Defendants' Complaint, Affidavit, and Exhibits deceived Plaintiff into believing Defendants were entitled to enforce Plaintiff's loan through collection proceedings.

20.     Accordingly, Plaintiff retained counsel to defend himself in collection proceedings; eventually resulting in settlement.

## CLAIMS FOR RELIEF

### Count I:
### Defendant's violation(s) of 15 U.S.C. § 1692 *et seq.*

21.     All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

**Violation of 15 U.S.C. § 1692e(10)**

22.     Section 1692e provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section.

> (10)     The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

23.     Defendants violated 15 U.S.C. § 1692e(10) by falsely stating that Exhibits attached to Defendants' Complaint and the Affidavit reflected Plaintiff's obligation to pay the debt; when

Defendants merely affixed blank forms – misrepresenting Velocity Investments standing to file suit to collect this debt.

24.     Plaintiff may enforce the provisions of 15 U.S.C. § 1692e(10) pursuant to section k of the Fair Debt Collection Practices Act (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the Fair Debt Collection Practices Act] with respect to any person is liable to such person in an amount equal to the sum of -

(1)     any actual damage sustained by such person as a result of such failure;

(2)

    (A)     in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

(1)     in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

**WHEREFORE**, Plaintiff requests the following relief:

A.     find that Defendant violated 15 U.S.C. § 1692e(10);

B.     award any actual damage sustained by Plaintiff as a result of Defendant's violation pursuant to 15 U.S.C. § 1692k(a)(1);

C.     award such additional damages, as the Court may allow, but not exceeding $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

D.     award costs of this action including expenses together with reasonable attorneys' fees as determined by this Court pursuant to 15 U.S.C. § 1692k(a)(3); and

E.     award such other relief as this Court deems just and proper.

## <u>DEMAND FOR JURY TRIAL</u>

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

DATED: May 31, 2019                                    Respectfully submitted,

**HANI ALI**

*/s/ Joseph S. Davidson*

Joseph S. Davidson
Mohammed O. Badwan
SULAIMAN LAW GROUP, LTD.
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181
jdavidson@sulaimanlaw.com
mbadwan@sulaimanlaw.com